CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

NOV 20 2014

JULIA C. DUDLEY, CLERK
BY: /s/ K Tooton
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

SEALED

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED<br>YOUAREBESTTINA@GMAIL.COM THAT IS STORED<br>AT PREMISES CONTROLLED BY THE GOOGLE COR | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 5:14mj00071 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the    WESTERN    District of    VIRGINIA   , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 952(a) | Controlled substance analogue offenses |
| 21 USC 841(a)(l) and 846 | Controlled substance offense |
| 18 USC 1956 and 1957 | Money laundering offenses |

The application is based on these facts:

SEE AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT, INCLUDED BY REFERENCE HEREIN

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of 180 days (give exact ending date if more than 30 days: 5-19-2015) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/*
Applicant's signature

ROBERT E. L. SMITH, SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/20/2014

*/s/*
Judge's signature

City and state: HARRISONBURG, VIRGINIA    HONORABLE JAMES G. WELSH, MAGISTRATE JUDGE
*Printed name and title*



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

IN RE:

SEARCH OF INFORMATION      *      CASE NO. 5:14mj00071
ASSOCIATED WITH
YOUAREBESTTINA@GMAIL.COM      *
THAT IS STORED AT PREMISES
CONTROLLED BY THE      *
GOOGLE CORPORATION

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

I, Robert E. L. Smith, Special Agent of the Drug Enforcement Administration (DEA), Winchester Post of Duty (POD), being duly sworn, depose and state the following:

### INTRODUCTION

1. I have been a duly sworn Special Agent (hereinafter SA) with the Drug Enforcement Administration (hereinafter DEA) having been so employed since June, 2005. Prior to joining the DEA, I served as a Patrol Agent with the United States Border Patrol since June 2003. I am currently assigned to the Winchester RO of the Washington Field Division Office, located in Washington, D.C. During my employment in law enforcement, I have investigated and assisted in the investigation of numerous narcotics violators where narcotics have been purchased. I have received training and experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, surveillance, undercover operations, operations involving cooperating sources, and a variety of other investigative tools available to law enforcement officers. In the course of my training and experience, I have become familiar with the methods and techniques associated with the distribution of narcotics, the laundering of proceeds

1

derived from the sale of narcotics, and the organization of drug conspiracies. In the course of conducting these investigations, I have been involved in the use of the following investigative techniques: interviewing witnesses and cooperating sources; conducting physical surveillance; consensual monitoring and recording of both telephonic and non-telephonic communications; analyzing telephone pen register and caller identification data; conducting court-authorized electronic surveillance; and preparing and executing search warrants which have led to substantial seizures of narcotics and other contraband.

2. I make this affidavit in support of an application for a search warrant for information associated with certain digital accounts that are stored at premises controlled by the Google Corporation, an e-mail provider headquartered at 1600 Amphitheater Parkway, Mountain View, CA 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require the Google Corporation to disclose to the government copies of the information (including the content of communications) further described in Attachment B. Upon receipt of the information described in Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter or all of the facts obtained during this investigation.

4. Based on my training and experience and the facts as set forth in this affidavit, there is

probable cause to believe that a suspected user, Tina Zhang and other conspirators, of "YOUAREBESTTINA@GMAIL.COM" have violated Title 21, United States Code, Sections 841 and 952(a) (controlled substance offenses); Title 18, United States Code, Sections 1956 and 1957 (money laundering offenses); and Title 18, United States Code, Section 2 (aiding and abetting the aforementioned offenses). There is also probable cause to search the information described in Attachment A for evidence and instrumentalities of these crimes further described in Attachment B.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

### DETAILS OF PROBABLE CAUSE

6. The Drug Enforcement Administration is investigating Robert SCHROEDER for criminal offenses related to controlled substances, controlled substance analogues and money laundering.

7. Thus far, law enforcement has conducted multiple controlled purchases of controlled substances and controlled substance analogues from SCHROEDER, using a confidential informant (CI). Law enforcement has recorded telephone conversations between SCHROEDER and the CI relating to these controlled purchases.

8. On September 15, 2014, a 30-day Title III wiretap order was entered by Judge Ronald Guzman of the United States District Court for the Northern District of Illinois, which authorized the interception wire and electronic communications occurring over cellular

3

telephone number 630-768-9331 (hereinafter **Target Telephone 1**), which is utilized by SCHROEDER. Based on information intercepted over **Target Telephone 1,** your Affiant was granted a search warrant for SCHROEDER's email address of ARTISTICOVERLAY@GMAIL.COM on September 25, 2014, by Magistrate Judge James G. Welsh, of the Western District of Virginia. On September 29, 2014 at approximately 2:51 pm the warrant was served electronically by DEA Science and Technology Internet Technology (STII) Unit on Google Cooperation. Google Corporation subsequently responded to the search warrant for SCHROEDER's email account of ARTISTICOVERLAY@GMAIL.COM.

9. While monitoring **Target Telephone 1** on September 16, 2014, law enforcement intercepted a call between SCHROEDER and an unknown male using phone number (630) 781-2052. They discussed what law enforcement believes to be drug trafficking, and SCHROEDER explained he had not heard from a female drug source (as law enforcement believes). Later, on September 19, 2014, SCHROEDER sent a text to the same number, stating "Lady just emailed today."

10. Your Affiant identified the following email that was sent to SCHROEDER from YOUAREBESTTINA@GMAIL.COM on September 19, 2014:

    > Dear Robert,
    >
    > Good day to you!
    >
    > Goods are checked two times, I also very remorse.
    > I know your are a good buyer, I want do business with you!
    >
    > The last time, you give the address the Chicago, this period time, the customs of Chicago is very strict, now we send goods use track light, not easy to check.
    >
    > Now there is only one way the give you preferential price, it is $2300/kg. if your first order is 1kg, I will send you more 200g, that is $2300 for 1200g. after all, we

4

have send you 500g for free.

Sincerely want do business with you!

Best regards,
Tina

TEL:+86-0310-5769936
Skype:tina.zhang520

Based on this email, intercepted telephone call and text message referenced above, your Affiant believes that Tina Zhang is a source of supply used by SCHROEDER to obtain controlled substances or analogs of controlled substances (synthetic cathinones). The country dial code for China is 86. Customs and Border Protection (CBP) has seized multiple packages containing suspected synthetic cathinones destined for SCHROEDER in July, August and September of 2014. Preliminary field tests showed the presence of controlled substances (including a-PVP) in these packages. CBP is conducting further tests on these substances.

11. In addition, SCHROEDER has contacted FedEx using **Target Telephone 1** on multiple occasions in September 2014, during the 30-day Title III wiretap period. During these calls, SCHROEDER inquired about a package that he described as having come from China. FedEx informed SCHROEDER that his package was being held by Customs in Memphis, TN.

12. Your Affiant believes, based on training, experience and the investigation to date into SCHROEDER drug trafficking activities, that the email above references kilogram-quantity shipments of controlled substances of suspected cathinones. Your Affiant knows that China is a primary source country for synthetic cathinones, and believes Tina Zhang (or someone using that alias) is distributing/selling synthetic cathinones from

5

China.

13. Your Affiant believes that "$2300/kg" refers to a sales price of $2,300 per kilogram of synthetic cathinones, and is aware that $2,300 is an average price for a kilogram quantity of synthetic cathinones. Your Affiant further believes this email communication above is related to the importation/distribution of controlled substance based on the reference in the email to "customs of Chicago is very strict, now we send goods use track light, not easy to check"; your Affiant believes this references a shipping method designed to avoid interception by CBP.

14. On September 13, 2014, SCHROEDER received an email from YOUAREBESTTINGA@GMAIL.COM, which informed SCHROEDER that "…our western union account's quota is full", and provided SCHROEDER with a new account name and a source country as China. The email also directs SCHROEDER to send funds to the new account or a MoneyGram to "weixing gao." SCHROEDER replied to the email on September 14, 2014, and said, "Never got anything ?" Law enforcement believes SCHROEDER was referring to the package that was seized by Customs.

## BACKGROUND CONCERNING E-MAIL

15. Your Affiant has learned that the Google Corporation is located in the United States and provides a variety of on-line services, including electronic mail ("e-mail") access, to the public. The Google Corporation allows subscribers to obtain e-mail accounts at the domain name gmail.com, like the e-mail account listed in Attachment A. Subscribers obtain an account by registering with the Google Corporation. During the registration process, the Google Corporation asks subscribers to provide basic personal information. Therefore, the computers of the Google Corporation are likely to contain stored

6

electronic communications (including retrieved and unretrieved e-mail for Google Corporation subscribers) and information concerning subscribers and their use of the Google Corporation services, such as account access information, e-mail transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation through their substance or because the information can be used to identify the account's user or users.

16. Your Affiant is aware that Gmail subscriber can also store with the provider files in addition to e-mails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to e-mails), and other files, on servers maintained and/or owned by the Google Corporation. In my training and experience, evidence of who was using an e-mail account may be found in address books, contact or buddy lists, e-mail in the account, and attachments to e-mails, including pictures and files.

17. Based on training and experience Your Affiant is aware that e-mail providers generally ask their subscribers to provide certain personal identifying information when registering for an e-mail account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). Such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

18. Your Affiant is aware that e-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the

7

status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the e-mail account.

19. Your Affiant is aware that e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. Based on training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

## CONCLUSION

20. Based on the information above, your Affiant requests that the Court issue the proposed search warrant. Because the warrant will be served on the Google Corporation, which will then compile the requested records at a convenient time, reasonable cause exists to permit the execution of the warrant at any time in the day or night.

Robert E. L. Smith
Special Agent
United States
Drug Enforcement Administration

Sworn and subscribed to me this __11-20-2014__ day of November, 2014.

The Honorable James G. Welsh
United States Magistrate Judge
Harrisonburg, Virginia

9

## ATTACHMENT A - PROPERTY TO BE SEARCHED

      This warrant applies to information associated with the following e-mail address that is stored at premises controlled by the Google Corporation, a company that accepts service of legal process at 1600 Amphitheater Parkway, Mountain View, CA 94043:

YOUAREBESTTINA@GMAIL.COM

## ATTACHMENT B - ITEMS TO BE SEIZED

### I. Information to be disclosed by the Google Corporation (the "Provider")

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on November 13, 2014, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    a. The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

    b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    c. The types of service utilized;

    d. All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

    e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

11

## II. Information to be seized by the government

All information described above in Section I that constitutes evidence or instrumentalities of violations of the statutes cited in the affidavit above, those violations involving Tina Zhang, Binxia Wang, Weixing Gao, Robert Schroeder and unknown conspirators including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

      a.      All information pertaining to the importation, distribution, possession or manufacturing of controlled substance or analogs of controlled substances to include but not limited to shipping records, invoices, transaction receipts/orders, payment methods, tracking logs or conduct in furtherance of controlled substance violations. All information pertaining to methods of money laundering activities to include but not limited to banking activities, bank notifications, real-estate transactions, sports betting/gambling, line of credits, pre-paid bank cards, credit/debit cards, stock market trading, movement or distribution of financial monies, insurance payments, acquiring items of value such as jewelry or precious stones or methods of operations to conceal illegitimate source of income such as the establishment of business fronts or the payments of taxes, fees, or registrations of business fronts. All information related to methods of communications to conduct controlled substance violations or money laundering activities such as travel records, obtaining identifications or communication devices, communications between or among other associates, partners or co-conspirators to included their identities and whereabouts or the establishing accounts or online profiles in furtherance of said activities.

12